UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOHN PAUL JENKINS,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ROBERT WILKIE, Secretary of the<br>Department of Veteran Affairs,<br>Veterans Health Administration,[1]<br><br>                    Defendant. | CIV. 17-5043-JLV<br><br><br>ORDER |

## INTRODUCTION

Defendant Robert Wilkie, Secretary of the Department of Veteran Affairs filed a motion to dismiss Plaintiff John Jenkins' complaint. (Docket 20). Mr. Jenkins resists defendant's motion. (Dockets 23, 23-1, 25, 25-2, & 31). Mr. Jenkins separately filed a response containing a request for an inference judgment and a second request for an inference judgment. (Dockets 26 & 27). Defendant resists plaintiff's requests. (Docket 30). For the reasons stated below, plaintiff's requests for inference judgments are denied as moot.

## FACTUAL BACKGROUND

Plaintiff Paul Jenkins, appearing *pro se*, filed a complaint against Defendant Robert Wilkie, Secretary of the Department of Veteran Affairs.

---

[1]Robert Wilkie was confirmed as Secretary of Veteran Affairs on July 23, 2018. Pursuant to Fed. R. Civ. P. 25(d), Mr. Wilkie is automatically substituted for Robert Snyder as the defendant in all pending Veterans Affairs' ("VA") cases.

(Docket 1).   Plaintiff's handwritten complaint is scant and difficult to decipher, but appears to assert the following claims:

> Veterans Administration whistleblower;
>
> Reprisal and threats of work place violence for reporting Health Insurance Portability and Accountability Act ("H.I.P.A.A.") violations;
>
> Fraud and misappropriation of tax dollars;
>
> Reprisal for filing Equal Employment Opportunity Commission ("EEOC") complaints;
>
> Identity theft; and
>
> Insurance fraud.

Id. at p. 3.   Without clarifying factual support, these claims and other more generalized claims are advocated in subsequent filings.   See Dockets 23-1 and 25-26.   While those submissions will not be considered as additional claims, the court will consider them in ruling on defendant's motion.[2]

Secretary Wilkie moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b) for "fail[ing] to state a claim upon which relief may be granted."

---

[2]See Fischer v. Minneapolis Pub. Sch., 792 F.3d 985, 990 n.4 (8th Cir. 2015) ("Fischer failed to include these claims in his complaint, failed to file an amended complaint . . . and did not . . . petition to court to amend his complaint.   Accordingly, these claims were not properly before the district court.") (internal citations omitted); Morgan Distributing Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."); Midland Farms, LLC v. United States Department of Agriculture, 35 F. Supp. 3d 1056, 1066 (D.S.D. 2014) ("Midland may not amend its Complaint through an argument raised in a brief in opposition to a motion to dismiss.") (collecting cases).

(Docket 20). The basis for defendant's motion is essentially that Mr. Jenkins' claims were resolved in a settlement agreement of October 1, 2010. (Docket 21 at pp. 4-8).

The history between Mr. Jenkins and the Veterans' Administration is summarized as follows. Mr. Jenkins, a disabled veteran, was employed at the VA Illiana Health Care System in Danville, Illinois, from October 8, 1987, to October 29, 2010. (Docket 22 ¶ 7). Prior to the end of that employment, Mr. Jenkins filed a complaint of employment discrimination with the VA. (Docket 22-1 at p. 2). A formal complaint was filed with the VA on September 7, 2010, in which Mr. Jenkins "alleged that based on disability and reprisal, [he] was subjected to a hostile work environment." (Docket 22-4 at p. 1).

On October 1, 2010, Mr. Jenkins and the VA entered into a settlement agreement regarding his claims. (Docket 22-3). As part of the settlement, Mr. Jenkins agreed to "voluntarily withdraw all EEOC complaints at whatever stage in whatever forum in their entirety; and, said EEOC complaints are subject to dismissal." Id. ¶ 1. In addition to the dismissal of any EEOC complaints, Mr. Jenkins

> waives and/or withdraws any and all actions, claims, complaints, appeals, grievances, and proceedings of whatever nature in whatever forum, including but not limited to, filing a civil action in United States District Court and/or pursuing Privacy/HIPAA issues, against the Agency, its officials, agents and/or employees, in their personal as well as their official capacities, which are now or hereafter may be asserted by the Complainant or on the Complainant's behalf, based on facts in existence as of the date of Complainant's execution of this Settlement Agreement, including but not limited to, claims of discrimination based upon reprisal

3

and/or disability, regarding a hostile work environment, with the exception of any claims that may arise by reason of alleged breach of any terms of this Settlement Agreement.

Id. ¶ 2.  Mr. Jenkins also agreed "to tender his resignation . . . . effective immediately . . . [and] not seek nor accept employment with the VA Illiana Heath Care System."   Id. ¶¶ 3 & 8.   In exchange for Mr. Jenkins' concessions, the agency paid him $35,000, agreed to provide him with the forms necessary to withdraw the funds from his Thrift Savings Plan ("TSP") and provide outside employer inquiries with his dates of service, position and salary.   Id. ¶¶ 5-7. If Mr. Jenkins believed the settlement agreement was breached, the agency provided a resource and mechanism to assist him in compelling the agency to abide by the terms of the agreement.   Id. ¶ 15.   Mr. Jenkins and the agency representative acknowledged the "Settlement Agreement has been entered into knowingly and voluntarily by all the parties."   Id. ¶ 11.

On February 19, 2016, Mr. Jenkins' claim that the settlement agreement had been breach was received by the Office of Resolution Management ("ORM") of the VA.   (Docket 22-4 at p. 1 ¶ 3).   Mr. Jenkins' claimed that because his disclosure of "several million dollars in H.I.P.[A.]A. violations" which he "reported to the VA Office of the Inspector General," the VA would not hire him in the VA system.[3]   Id.   After discussing the terms of the settlement agreement, the ORM concluded the agency had not breached the settlement

_____

[3]According to VA documentation, Mr. Jenkins claimed on November 4, 2014, that he was not hired at the VA Black Hills Health Care System at Ft. Meade, South Dakota.  (Docket 1-1 at p. 2).  Mr. Jenkins refutes this claim as he was hired on a part-time basis at the Ft. Meade VA on November 4, 2014. (Docket 26-1).  Mr. Jenkins states "[t]he Acceptance Letter, and 90 Day Performance Appraisal . . . Demonstrate [he] was Hired by The Black Hills V.A." (Docket 26 at p. 1).

4

agreement. Id. at p. 4. That decision was entered on April 6, 2016. Id. at p. 1. The ORM decision advised Mr. Jenkins that some of his alleged new claims "exceed the parameters of the settlement agreement. . . . [And] these claims more appropriately [are] raised as subsequent acts of discrimination." Id. at p. 3. With that ruling, a new EEOC case number was assigned. Id. Because Mr. Jenkins failed to file a formal complaint on these issues, ORM administratively closed the file on February 8, 2016. Id.

Mr. Jenkins appealed the ORM decision to the Office of Federal Operations ("OFO") of the EEOC. (Docket 22-5). On October 11, 2016, OFO affirmed the ORM decision. Id. at p. 4. Mr. Jenkins timely filed a request for reconsideration of the OFO decision. (Docket 1-1 at p. 1). On February 16, 2017, OFO denied Mr. Jenkins' request to reconsider the earlier decision. Id. at p. 2. Mr. Jenkins was advised he had 90 days to appeal the OFO decision to the district court. Id. Mr. Jenkins timely filed his complaint in this court. (Docket 1).

## ANALYSIS

Defendant moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for dismissal if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating the defendant's Rule 12(b)(6) motion, the court accepts as true all of the factual allegations contained in plaintiff's complaint and grants all reasonable inferences in favor of plaintiff as the nonmoving party. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.' ") (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009). <u>See also Crooks v. Lynch</u>, 557 F.3d 846, 848 (8th Cir. 2009) (the court must review "a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the facts alleged in the complaint as true and granting all reasonable inferences in favor of the plaintiff, the nonmoving party.") (brackets omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted). <u>See Torti v. Hoag</u>, 868 F.3d 666, 671 (8th Cir. 2017) (quoting <u>Twombly</u>, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Iqbal</u>, 556 U.S. at 679. Courts are not required to accept as true legal conclusions "couched as . . . factual allegation[s]" in the complaint. <u>Id.</u> at 678.

"When ruling on a motion to dismiss under Rule[] 12(b)(6) . . . a district court generally may not consider materials outside the pleadings. . . . It may, however, consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." <u>Noble Systems Corp. v. Alorica Central, LLC</u>, 543 F.3d 978, 982 (8th Cir. 2008) (internal citation and quotation marks omitted). The court may also consider matters in the public record of which the court may take judicial notice.

<u>Tellabs, Inc. v. Makor Issues and Rights, LTD.</u>, 551 U.S. 308, 322 (2007).

"Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide."  <u>Osborn v. United States</u>, 918 F.2d 724, 729 (8th Cir. 1990).

In applying these principles, the court must construe plaintiff's *pro se* complaint liberally.  <u>See</u> <u>Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  <u>Jackson v. Nixon</u>, 747 F.3d 537, 544 (8th Cir. 2014) (internal quotation marks omitted).  The complaint "still must allege sufficient facts to support the claims advanced."  <u>Stone</u>, 364 F.3d at 914.

Prior to the execution of the settlement agreement, Mr. Jenkins alluded to millions of dollars having been expended because of H.I.P.A.A. violations which he reported to the Office of the Inspector General.  (Docket 22-4 at p. 1). Mr. Jenkins intended to hold the VA responsible for these violations.  <u>Id.</u>  He confirmed these earlier complaints in filings in this case.  (Dockets 23 at pp. 3-4; 23-1 at pp. 1-4 & 7-8; 25 at pp. 1-2; 26 at p. 1; and 31 at p. 2). Those claims were resolved in the 2010 settlement agreement.  (Docket 22-3). Simply restating those claims in the present litigation does not create a new avenue for Mr. Jenkins to re-assert his previous whistleblower claim.  (Docket

1 at p. 3). Plaintiff fails to state a claim upon which relief may be granted relating to these allegations.

Similarly, Mr. Jenkins' complaint asserts he was subject to "reprisals for EEOC complaints and previous federal court case and 'protected union activity." Id. Neither the complaint nor Mr. Jenkins' subsequent submissions in resistance to defendant's motion to dismiss provide any factual basis alleging conduct or substantial injury after the 2010 settlement agreement. Again, these claims were resolved in the 2010 agreement. (Docket 22-3). Plaintiff fails to state a claim upon which relief may be granted.

Mr. Jenkins' complaint alleges the VA failed or refused to process his disability claim. (Docket 1 at p. 1). Contrary to this allegation, Mr. Jenkins submitted for the court's consideration documentation showing that the VA is, in fact, processing his disability claim. (Dockets 27-3 and 28 at pp. 2-3). By a memo from the Office of United States Senator John Thune, Mr. Jenkins was advised that "the Board of Veterans Appeals . . . confirmed that your appeal is awaiting scheduling of a Board hearing by the Regional Office in Sioux Falls. BVA officials have also acknowledged that the Board is currently addressing appeals with a docket date of December 2013 and your appeal carries a docket date of October 2016." (Docket 28 at p. 2). While a three-year delay in processing a disability claim for a veteran seems unjust, Mr. Jenkins identifies no constitutional, federal law or regulatory claim which could serve as an

avenue for relief in this district court case. The complaint fails to state a claim upon which relief may be granted.

Mr. Jenkins' complaint asserts he was "exposed to identity theft." (Docket 1 at p. 3). The background for this claim is premised on an undated notice Mr. Jenkins received from the United States Office of Personnel Management ("OPM"). (Docket 23-1 at p. 11). The OPM notice indicates Mr. Jenkins' "name, Social Security number, address, date and place of birth" and other information may have been compromised. Id. In a handwritten comment on the notice, Mr. Jenkins states "my informational [sic] is stolen 2 times applying for V.A. and TSA." Id. Mr. Jenkins inferentially implies "that the theft [of his] Information creates a substantial risk that [he] will suffer identity theft." In re SuperValu, Inc., 870 F.3d 763, 770 (8th Cir. 2017).

"Article III of the Constitution limits the jurisdiction of the federal courts to cases or controversies." Id. at 767–68 (citing Spokeo, Inc. v. Robins, ___ U.S. ___, 136 S. Ct. 1540, 1547, (2016)). "A plaintiff invoking the jurisdiction of the court must demonstrate standing to sue by showing that [he] has suffered an injury in fact that is fairly traceable to the defendant's conduct and that is likely to be redressed by the relief [he] seeks." Id. at 768 (citing Spokeo, Inc., 136 S. Ct. at 1547). "To establish an injury in fact, a plaintiff must show that [his] injury is " 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " Id. (citing Spokeo, Inc., 136 S. Ct. at 1548) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

"An injury is fairly traceable if the plaintiff shows 'a causal connection between the injury and the conduct complained of' that is 'not . . . th[e] result [of] the independent action of some third party not before the court.' " Id. at 768 (citing Lujan, 504 U.S. at 560) (alterations in original) (internal quotation omitted).

Because Mr. Jenkins has "not alleged a substantial risk of future identity theft," he has not articulated any loss "against this speculative theft" which would "create an injury." Id. at 771. "[T]he complaint has not sufficiently alleged a substantial risk of identity theft, and plaintiff['s] allegations of future injury do not support standing in this case." Id. at 771-72. The complaint fails to articulate sufficient facts to provide Mr. Jenkins with standing and the court with Article III jurisdiction. In re SuperValu, Inc., supra; see also Braitberg v. Charter Communications, Inc., 836 F.3d 925, 930 (8th Cir. 2016) (plaintiff "has not alleged an injury in fact as required by Article III. His complaint asserts 'a bare procedural violation, divorced from any concrete harm.' ") (citing Spokeo, Inc., 136 S. Ct. at 1549).

The complaint makes a general declaration of "Insurance Fraud by V.A." (Docket 1 at p. 3). Without more, the complaint fails to "allege sufficient facts to support the claim[] advanced." Stone, 364 F.3d at 914.

Mr. Jenkins' submissions contain other generalized statements that the VA violated his rights over the course of the past several years. None of those generalizations "allege sufficient facts to support the claims advanced." Id.

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's motion to dismiss (Docket 20) is granted.

IT IS FURTHER ORDERED that plaintiff's requests (Dockets 26 & 27) are denied as moot.

IT IS FURTHER ORDERED that the complaint (Docket 1) is dismissed without prejudice.

Dated August 29, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE